# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONOVAN FITE,                                    Case No. 1:12-cv-877
     Petitioner,

                                            Black, J.
     vs                                          Bowman, M.J.

WARDEN, ROSS                                     **REPORT AND**
CORRECTIONAL INSTITUTION,                        **RECOMMENDATION**
     Respondent.

Petitioner, an inmate in state custody at the North Central Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion to stay and amend his petition, to which respondent has not responded. (Doc. 8).

## I.  PROCEDURAL HISTORY

### State Trial Proceedings

On April 24, 2009, the Adams County, Ohio, grand jury returned a two-count indictment against petitioner, charging him with one count of murder and one count of involuntary manslaughter. (Doc. 6, Ex. 1). Both counts included a firearm specification. *Id.* Petitioner entered a not-guilty plea to the charges in the indictment.

On October 22, 2009, the Adams County grand jury returned a superseding indictment, charging petitioner with a second count of murder with an accompanying firearm specification. (Doc. 6, Ex. 2).

On December 23, 2009, petitioner withdrew his former not guilty plea and entered a guilty plea to the murder and involuntary manslaughter counts charged in the original indictment. (Doc. 6, Ex. 5). As part of the plea agreement, the murder count charged in the superseding indictment was dismissed. *Id.* at 3.

On January 8, 2010, petitioner was sentenced to a total aggregate prison sentence of 28 years to life. (Doc. 6, Ex. 6). Petitioner was notified that post release control was mandatory in his case for a maximum of five years and was ordered to pay restitution. *Id.* at 3.

**Direct Appeal**

Petitioner, through different counsel, filed a timely notice of appeal to the Ohio Court of Appeals on January 22, 2010. (Doc. 6, Ex. 7). Petitioner also filed a motion for limited remand to the trial court to issue a final appealable order and for leave to amend his notice of appeal. (Doc. 6, Ex. 8). Petitioner sought a remand because the trial court's judgment entry of sentence failed to reflect the manner of petitioner's convictions.

On April 1, 2010, petitioner's motion for a limited remand was granted so that the trial court could issue a new sentencing entry. (Doc. 6, Ex. 9). Petitioner was also granted leave to amend his notice of appeal. *Id.*

On April 21, 2010, after the trial court issued an amended judgment entry indicating that petitioner was convicted via a guilty plea, petitioner filed an amended notice of appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 10, 11). In his appellate brief, petitioner raised the following three assignments of error:

1. Donovan Fite's guilty plea was not knowing, voluntary, and intelligent because the trial court misinformed him that he would be subject to a limited period of post-release control upon his release from prison.

2. The trial court unlawfully imposed consecutive terms of imprisonment, when it did not make the findings required by statute.

3. The trial court erred in imposing a sentence that contains an order of restitution without identification of the individual or entity entitled to receive such restitution.

2

(Doc. 6, Ex. 14).  On February 1, 2011, the Ohio Court of Appeals found that "[b]ecause the Adams County Common Pleas Court's Judgment Entry on Sentence fails to provide a method for the payment of restitution, the entry is not a final appealable order" and dismissed the appeal for lack of jurisdiction.  (Doc. 6, Ex. 16).

On March 31, 2011, the trial court issued a second amended judgment entry of sentence specifying the method for payment of restitution.  (Doc. 6, Ex. 17).

### Delayed Appeal to the Ohio Supreme Court

On May 23, 2012, petitioner filed a pro se notice of appeal and a motion to file a delayed appeal to the Ohio Supreme Court.  (Doc. 6, Ex. 18, 19).  The Ohio Supreme Court denied petitioner's motion on July 5, 2012.  (Doc. 6, Ex. 20).

### Federal Habeas Corpus

Petitioner filed a pro se petition for a writ of habeas corpus on November 6, 2012.  (Doc. 3).  Petitioner raises the following three grounds for relief:

**GROUND ONE**:  Donovan Fite's guilty plea was not knowing, voluntary, and intelligent because the trial court misinformed him that he would be subject to a limited period of post-release control upon his release from prison.

Supporting Facts:  The trial court incorrectly informed Mr. Fite that he would be subject to a five-year term post-release control upon his release from prison.  But because murder is a special felony, he would actually be placed on an indefinite period of parole, not post-release control, following his release.  Thus, the trial court materially misinformed Mr. Fite of the consequences of his plea, and his plea was not made knowingly, intelligently, and voluntarily.  Further, because of the profound nature of the difference between the representations of the trial court that supervision would terminate five years after Mr. Fite's release, and the reality that Mr. Fite, and his guilty pleas must be set aside.

**GROUND TWO:** The trial court unlawfully imposed consecutive terms of imprisonment, when it did not make the findings required by statute.

3

Supporting Facts: It is unlawful for the trial court to conduct sentencing hearings in accordance with the procedure set forth in the legislature that has re-enacted the consecutive-sentencing statutes after that decision, and Oregon v. Ice has held that such statutes are constitutional. Mr. Fite's sentencing occurred after Ice upheld an indistinguishable sentencing statute, the trial court was required to make the requisite statutory findings before imposing consecutive sentences on Appellant.

**GROUND THREE:** The trial court erred in imposing a sentence that contains an order of restitution without identification of the individual or entity entitled to receive such restitution.

Supporting Facts: The trial court ordered Mr. Fite "to pay restitution in the amount of 12,779.66." Amended Judgment Entry on Sentence, April 8, 2010. The entry is silent regarding which person or entity was to receive such payment. Mr. Fite's sentence is contrary to law, and must be vacated.

(Doc. 3).

Respondent has filed a return of writ arguing that the petition should be denied. (Doc. 6).

According to respondent, petitioner's grounds for relief are unexhausted and without merit.

On March 18, 2013, petitioner also filed a motion for stay and a motion to amend his petition to include four additional grounds for relief:

**GROUND FOUR**: Petitioner Fite was denied the effective assistance of counsel at trial thereby denying him the right to counsel guaranteed by the 5th, 6th, and 14th, amendments to the United States Constitution.

Supporting Facts: Prior to Petitioner's state court trial, the prosecution filed an amended indictment adding an additional charge of murder. Since any wavier of speedy trial rights that may have been filed on the original charges is not effective on an un-indicted offense relating back to the facts giving rise to the original charges, this charge was prohibited by Petitioner's right to speedy trial guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution. However, trial counsel failed to have this count dismissed, thereby, allowing the state to induce an invalid plea agreement based on the dismissal of one count of murder which should have already been dismissed on speedy trial grounds.

**GROUND FIVE**: Petitioner was denied his right to a speedy trial thereby denying his rights under the 5th, 6th, and 14th Amendments to the United States Constitution.

4

<u>Supporting Facts</u>:  See facts supporting Ground Four.

**GROUND SIX**:  Petitioner was denied the effective assistance of counsel on his first appeal as of right, thereby denying his right to counsel guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution.

<u>Supporting Facts</u>:  On February 1, 2011, the Ohio Court of Appeals dismissed Petitioner's first appeal as of right because the trial court's entry did not qualify as a final appealable order.  Thereafter, the trial court filed an amended judgment entry.  Appointed counsel never filed a notice of appeal or took any other steps to perfect an appeal from this first appealable order.

**GROUND SEVEN**:  Petitioner did not receive a first appeal as of right thereby denying his Due Process and equal Protection rights guaranteed by the  5th, 6th, and 14th Amendments to the United States Constitution.

<u>Supporting Facts</u>:  See facts supporting Ground Six.

(Doc. 8).  Petitioner asks the Court to permit him to return to the Ohio Court of Appeals to pursue a delayed appeal.  *Id.* at 7.

## II.    PETITIONER'S MOTION TO STAY SHOULD BE GRANTED.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights.  28 U.S.C. § 2254(b)(1).  A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts.  *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  Under the "fair presentation" requirement, "state prisoners must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28

U.S.C. § 2244(d)(1).  *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002);

*Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the

discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it

must "be compatible with AEDPA's purposes."  The Court pointed out that one of the AEDPA's

purposes is to "reduce delays in the execution of state and federal criminal sentences" based on

the "well-recognized interest in the finality of state judgments."  *Id.* (quoting *Woodford v.*

*Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)).  In

addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the

importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any

claims in federal court, be sure that you first have taken each one to state court."  *Id.* at 276-77

(quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine
> these twin purposes.  Staying a federal habeas petition frustrates AEDPA's
> objective of encouraging finality by allowing a petitioner to delay the resolution
> of the federal proceedings.  It also undermines AEDPA's goal of streamlining
> federal habeas proceedings by decreasing a petitioner's incentive to exhaust all
> his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited
> circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court

determines there was good cause for the petitioner's failure to exhaust his claims first in state

court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of

7

discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720,

747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4

(E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849

(D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)).  In *Tullis,* after detailing

the "broad and varied" split in authority, the Court concluded with the following quotation from

*Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, out of an abundance of caution, the undersigned recommends that the

petition should be stayed so that petitioner may attempt to exhaust his claims in the Ohio courts.

Petitioner argues that he was prevented from exhausting his state court remedies because of the

ineffective assistance of appellate counsel.  Specifically, petitioner contends that he was denied

his right to a direct appeal when his appellate counsel failed to file an appeal on his behalf

following the trial court's second amended judgment entry.[1]  At this point in the proceedings, the

Court cannot conclude that all of petitioner's claims are "plainly meritless" or that petitioner has

---

[1] Through counsel, petitioner sought to present the same claims as are raised in Grounds One through Three of the instant petition as assignments of error on direct appeal to the Ohio Court of Appeals.  (*See* Doc. 6, Ex. 13). However, petitioner's case was remanded to the trial court or dismissed for lack of jurisdiction on two occasions due to errors in the trial court's judgment entries.  (*See* Doc. 6, Ex. 9, 16).  Following the trial court's second amended judgment entry, as petitioner has argued, it does not appear that his appellate counsel renewed petitioner's appeal  by presenting the assignments of error previously submitted in a merit brief to the Ohio Court of Appeals.  Upon later "receiv[ing] information concerning his appeal" (*see* Doc. 6, Ex. 19, p. 2),  petitioner sought a delayed appeal with the Ohio Supreme Court, which was denied presumably because the trial court's second amended judgment entry was never appealed to the Ohio Court of Appeals.

9

engaged in abusive litigation tactics or intentional delay.  *Rhines,* 544 U.S. at 277-78.
Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the
case, any subsequent petition filed by petitioner raising the claims alleged here would be subject
to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, and out of concern that the
dismissal of the petition at this juncture might unreasonably impair future federal review of any
of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that petitioner's motion
(Doc. 8) be **GRANTED** and that the instant proceedings be **STAYED** while petitioner is
afforded the opportunity to fully exhaust his state court remedies.  To ensure that judicial and
administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take
the form of an administrative stay and that the case be terminated on the Court's active docket.

With regard to petitioner's motion to amend his petition to include additional grounds for
relief, which also appear to be unexhausted, the undersigned **RECOMMENDS** that the Court
withhold judgment on petitioner's motion until petitioner moves the Court to reinstate the case
after having had the opportunity to exhaust his state court remedies.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the
Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be
conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket
within thirty (30) days after fully exhausting his state court remedies through the requisite levels
of state appellate review.  Petitioner should be granted leave to reinstate the case on the Court's

10

active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

The Court should withhold judgment on petitioner's motion to amend until petitioner moves the Court to reinstate the case after having had the opportunity to exhaust his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[2] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis.* *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONOVAN FITE,                                    Case No. 1:12-cv-877
      Petitioner,

                                 Black, J.

      vs                                        Bowman, M.J.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
      Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).