# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DONOVAN FITE,

          Petitioner,    :    Case No. 1:12-cv-877

  - vs -                              District Judge Timothy S. Black
                                        Magistrate Judge Michael R. Merz

MARK HOOKS,[1] Warden,
  Ross Correctional Institution,
                                :

          Respondent.

## DECISION AND ORDER DENYING MOTION TO AMEND;
## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pro se by Petitioner Donovan Fite in 2012 to obtain relief from conviction in the Adams County Common Pleas Court on counts of murder and involuntary manslaughter with companying firearm specifications and his consequent sentence of twenty-eight years to life (Petition, ECF No. 3, PageID 27). The Warden filed an Answer as ordered by Magistrate Judge Bowman (ECF No. 6). Petitioner combined his Reply with Motions to Stay and Amend (ECF No. 8). The Court granted the stay and delayed ruling on the motion to amend pending exhaustion (Report and Recommendations, ECF No. 9; Decision and Order, ECF No. 11).

On August 15, 2016, Fite moved to reinstate the case on the active docket and to require a supplemental return of writ (ECF No. 12). Judge Black granted the motion and ordered

---

[1] As Mr. Fite's current custodian, Warden Hooks is substituted as the Respondent in this case pursuant to Fed. R. Civ. P. 25.

1

Respondent to file a supplemental return which would include Respondent's position on the motion to amend (ECF No. 13).

Respondent filed his Supplemental Return of Writ December 20, 2016 (ECF No. 16). Mr. Fite then filed a Reply to the Supplemental Return (ECF No. 18).

The case was recently transferred to the undersigned to help balance the workload among the Western Division Magistrate Judges (ECF No. 19).

Petitioner pleads three grounds for relief in his Petition:

> **Ground One:** Donovan Fite's guilty plea was not knowing, voluntary, and intelligent because the trial court misinformed him that he would be subject to a limited period of post-release control upon his release from prison.
>
> **Supporting Facts:** The trial court incorrectly informed Mr. Fite that he would be subject to a five-year term of post-release control upon his release from prison. But because murder is a special felony, he would actually be placed on an indefinite period of parole, not post-release control, following his release. Thus, the trial court materially misinformed Mr. Fite of the consequences of his plea, and his plea was not made knowingly, intelligently, and voluntarily. Further, because of the profound nature of the difference between the representations of the trial court that supervision would terminate five years after Mr. Fite's release, and the reality that Mr. Fite, and his guilty pleas must be set aside.
>
> **Ground Two:** The trial court unlawfully imposed consecutive terms of imprisonment when it did not make the findings required by statute.
>
> **Supporting Facts:** It is unlawful for the trial court to conduct sentencing hearing in accordance with the procedure set forth in the legislature that has re-enacted the consecutive-sentencing statutes after that decision, and Oregon v. ice [sic], has held that such statutes are constitutional. Mr. Fite's sentencing occurred after Ice upheld an indistinguishable sentencing statute, the trial court was required to make the requisite statutory findings before imposing consecutive sentences on Appellant.

**Ground Three:** The trial court erred in imposing a sentence that contains an order of restitution without identification of the individual or entity entitled to receive such restitution.

**Supporting Facts:** The trial court ordered Mr. Fite "to pay restitution in the amount of $12,779.66," Amended Judgment Entry of Sentence, April 8, 2010. The entry is silent regarding which person or entity was to receive such payment. Mr. Fite's sentence is contrary to law, and must be vacated.

(Petition, ECF No. 3, PageID 31-35.)

In his Motion to Amend, Fite seeks to add the following grounds for relief

**Ground Four:** Petitioner Fite was denied the effective assistance of counsel at trial thereby denying him the right to counsel guaranteed by the 5th, 6th, and 14th, amendments to the United States Constitution.

**Supporting Facts:** Prior to Petitioner's state court trial, the prosecution filed an amended indictment adding an additional charge of murder. Since any wavier of speedy trial rights that may have been filed on the original charges is not effective on an un-indicted offense relating back to the facts giving rise to the original charges, this charge was prohibited by Petitioner's right to speedy trial guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution. However, trial counsel failed to have this count dismissed, thereby, allowing the state to induce an invalid plea agreement based on the dismissal of one count of murder which should have already been dismissed on speedy trial grounds.

**Ground Five:** Petitioner was denied his right to a speedy trial thereby denying his rights under the 5th, 6th, and 14th Amendments to the United States Constitution.

**Supporting Facts:** See facts supporting Ground Four.

**Ground Six:** Petitioner was denied the effective assistance of counsel on his first appeal as of right, thereby denying his right to counsel guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution.

**Supporting Facts:** On February 1, 2011, the Ohio Court of Appeals dismissed Petitioner's first appeal as of right because the trial court's entry did not qualify as a final appealable order.

> Thereafter, the trial court filed an amended judgment entry. Appointed counsel never filed a notice of appeal or took any other steps to perfect an appeal from this first appealable order.
>
> **Ground Seven:** Petitioner did not receive a first appeal as of right thereby denying his Due Process and equal Protection rights guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution.
>
> **Supporting Facts:** See facts supporting Ground Six.

(Motion to Stay and Amend, ECF No. 8).

# Analysis

Respondent asserts all seven of Fite's grounds for relief are barred by the one year statute of limitations enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") at 28 U.S.C. § 2244(d). Because of that bar, the Warden argues the requested amendment should be denied as futile.

A habeas corpus petition may be amended by the same process applicable to amendment under the Fed. R. Civ. P. 15. 28 U.S.C. § 2242. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman*

standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.). It would indeed be futile to allow an amendment that would be dismissible as barred by the statute of limitations, a defense which can be raised by a motion under Fed. R. Civ. P. 12(b)(6).

Fite argues that Respondent waived this defense by failing to raise it in the initial Return of Writ (Reply to Supplemental Return, ECF No. 18, PageID 690). Although the words are sometimes used interchangeably, there is a difference between a waiver, which is a knowing and intelligent relinquishment of a right, and forfeiture, which is loss of a right by not raising it at a proper time or in a proper manner. The Supreme Court has held that a district court may even *sua sponte* dismiss a habeas petition for failure to file within the statute of limitations. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). In addition, the Supreme Court has held that even courts of appeals have authority to consider a timeliness defense *sua sponte,* but only if the defense is forfeited, not if it is waived. *Wood v. Milyard*, 566 U.S. 463

5

(2012). The Court noted the distinction between waiver and forfeiture: "We note here the distinction between defenses that are 'waived' and those that are 'forfeited.' A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve." *Id*. at 470 n.4, *citing Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); and *United States v. Olano,* 507 U.S. 725, 733 (1993).

Respondent here plainly has not waived the statute of limitations. The Court finds it did not forfeit the defense by waiting until after Petitioner had exhausted his state court remedies and returned to this Court.

Fite next argues that Respondent has miscalculated the running of the statute of limitations by claiming that the conviction became final on April 30, 2011, when Fite's time for filing an appeal of right from his resentencing on March 31, 2011 (ECF No. 18, citing ECF No. 16, PageID 309). Fite argues that, because Ohio allows a defendant to seek a delayed appeal, the conviction does not become final when the time for appeal of right expires.

The authority cited by Respondent disposes of this argument. In *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-60 (6th Cit. 2012), relying on *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012), the Sixth Circuit held an Ohio conviction becomes final when the time for an appeal of right expires. In *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001), the court held that the delayed appeal of a felony under Ohio law does not toll the statute of limitations or start it running again. If a motion for delayed appeal is filed before the statute of limitations expires, it is considered a collateral attack that tolls the statute. *Board v. Bradshaw*, 805 F.3d 769 (6th Cir. 2105). But that is not what happened here. Fite filed for a delayed appeal after the statute had expired. If the delayed appeal had been granted, that would have prevented the conviction from becoming final, but that did not happen either.

Fite argues that his failure to file a timely appeal is the result of ineffective assistance of appellate counsel. He claims counsel should have filed a timely notice of appeal from the resentencing. However, he admits correspondence from his counsel at the Ohio Public Defender's Office counseling against an appeal because of the possibility of a stiffer sentence. Fite says that advice was a misreading of the law. Whether or not it was, the fact remains that, having been advised the Ohio Public Defender would not represent him on such an appeal, Fite did not appeal pro se and seek the appointment of new counsel. Fite notes that the Supreme Court has held in *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), that failure to file a notice of appeal on request of a defendant itself constitutes ineffective assistance of trial counsel. But he does not claim that he ever instructed counsel to file a notice of appeal nor provide any proof that he responded in any way to counsel's advice.

**Conclusion**

Because all of Petitioner's claims are barred by the statute of limitations, his Motion to Amend is DENIED and it is respectfully recommended that his Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 11, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).